# EXHIBIT A

Filed
D.C. Superior Court
06/13/2019 15:36PM
Clerk of the Court

Filed
D.C. Superior Court
06/11/2019 12:09PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CHONTE LONG<br>2331 14th Place, S.E.<br>Washington, DC 20020<br><br>        Plaintiff,<br><br>v.<br><br>MOTION PICTURE ASSOCIATION<br>  OF AMERICA dba MPAA<br>1301 K St NW, Suite 900E<br>Washington, DC 20005<br><br>        Defendant.<br><br>Serve:<br>    Steven B. Fabrizio<br>    Registered Agent<br>    1301 K St., NW, 9th Floor<br>    Washington, DC 20005 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2019 CA 003875 B<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT TO REMEDY DISCRIMINATION AND RETALIATION IN EMPLOYMENT**

<u>Introduction</u>

1.    Defendant Motion Picture Association of America (MPAA) tolerated long-running sex harassment. It took repeated complaints to spur action from MPAA. Plaintiff courageously supported the EEO charge and lawsuit of one of her coworkers and fellow recipient of unwelcome sex harassment. Surprisingly, MPAA did not fire the perpetrator – its Executive Chef—until a "layoff" of the catering staff. Somehow, MPAA decided to include plaintiff in the same layoff, even though her job was not in the catering department. When MPAA terminated the Plaintiff, that left her boss as the only Vice President or Senior Vice President in the D.C. office without an administrative assistant. MPAA corrected this by hiring a new male employee

to replace her, a man who had not opposed discrimination or participated in an EEO complaint. MPAA's actions were discriminatory, retaliatory or a combination of both.

## Venue and Jurisdiction

2. This is an action to remedy defendant's conduct in terminating plaintiff because she opposed discrimination, in violation of Title VII of the 1964 Civil Rights Act, as amended, as well as under District of Columbia law including the DC Human Rights Act, D.C. Code § 2-1401 et seq.

3. Plaintiff was terminated on July 28, 2017. Plaintiff timely filed a charge with the EEOC, cross-filed with the D.C. Office of Human Rights. The EEOC issued a "notice of right to sue" letter that was mailed on April 2, 2019. Plaintiff timely exhausted administrative remedies.

## Parties

4. Plaintiff Chonte Long is an African American female citizen of the United States. During the relevant times she was employed by Defendant MPAA in its District of Columbia Office. Long was an "employee" of MPAA as that term is defined in the relevant statutes. Long was employed by MPAA in the District of Columbia.

5. Defendant Motion Picture Association of America (MPAA) is a trade organization providing services throughout the United States, including in the District of Columbia. Among other things, MPAA represents studios in the business of producing movie and other content for movie theaters, television stations, home viewing and related activities. During the relevant times, MPAA maintained an office in Washington, DC. MPAA is an "employer" as that term is defined in the relevant statutes. MPAA employed Plaintiff Chonte Long in its District of Columbia office during the relevant times. During the relevant time, defendant MPAA employed more than 500 people. During the relevant time, MPAA conducted

business in this judicial district. Defendant MPAA can sue or be sued in this judicial district. This Court has personal jurisdiction over Defendant MPAA. This Court has subject matter jurisdiction over the facts alleged herein.

## Factual Background

6. Defendant MPAA hired plaintiff as an employee in 2007. She remained an employee of MPAA until July 28, 2017. At all relevant times, plaintiff was employed in the District of Columbia. Plaintiff's desk was located in MPAA's D.C. office.

7. Plaintiff worked for MPAA for more than 10 years. For most of that time, she was the Administrative Assistant supporting Kathy Grant.

8. Plaintiff had consistently good performance and feedback. In 2013, Plaintiff spoke with the then-current head of MPAA, former Senator Christopher Dodd about the firing of a colleague, Jerri Smith. Plaintiff was concerned that Smith's firing was discriminatory. An outside lawyer named Karin Johnson followed up with plaintiff regarding her concerns of unlawful treatment of Ms. Smith. Plaintiff understood that Mr. Dodd spoke with her supervisor, Kathy Grant, about these concerns. Ms. Grant told plaintiff that Mr. Dodd had discussed plaintiff's concerns about Smith with her and that Mr. Dodd was "upset."

9. Plaintiff's concerns about discriminatory treatment of Ms. Smith were protected activity.

10. MPAA employee Dolores Jones filed an EEO charge regarding discriminatory treatment. MPAA received notice of Ms. Jones' EEO charge in 2015. MPAA understood that Chonte Long was likely to be a witness who could corroborate Ms. Jones' EEO charge.

11. Plaintiff spoke with Ms. Jones' attorney in August 2015, and exchanged correspondence. Plaintiff's communications with Ms. Jones' attorney in August 2015 generally

3

corroborated and supported Ms. Jones' discrimination complaint. Plaintiff's communications with Ms. Jones' attorney in 2015 constituted protected activity. MPAA learned of plaintiff's protected activity.

12. In August 2016, Dolores Jones filed a complaint of discrimination and harassment in D.C. Superior Court. In February 2017, both MPAA and Jones filed witness lists in the lawsuit. Both parties, including MPAA, listed plaintiff Chonte Long as a witness. At that point, no one from MPAA had interviewed plaintiff to determine what, if anything, she might say regarding Ms. Jones' complaint. MPAA was aware of Plaintiff's ability to corroborate Jones' complaint.

13. Plaintiff understood that Jones' complaint was about the behavior of Curtis Coleman, the MPAA's Executive Chef at the time. Plaintiff supported Ms. Jones in her complaint. Plaintiff understood that both Ms. Jones and the MPAA recognized that Plaintiff would be a witness in Ms. Jones' complaint. For example, the MPAA listed plaintiff's name as a witness in court papers relating to Ms. Jones' case. In April 2017, Plaintiff provided a declaration in support of a lawsuit against MPAA brought by Delores Jones. In that declaration, Plaintiff described behavior by MPAA Executive Chef Curtis Coleman that Plaintiff found offensive and that Plaintiff believed was discriminatory on the basis of sex and contributed to a potentially unlawful hostile work environment.

14. Plaintiff's declaration in support of Ms. Jones included the following statements:

> Mr. Coleman treats the male staff differently than the female staff. With the male staff, it is like an old boys club and they are allowed flexibility not given to the female staff. With the female staff, Mr. Coleman is very strict, unlike his treatment of male employees.
> * * *
> Mr. Coleman often makes comments about the size of his penis. While working in the kitchen during the day, Mr. Coleman takes every opportunity to make sexual innuendos about the size of his penis. Mr. Coleman turned normal

4

> conversations into talk about the size of his penis and he brags about the size of his penis. I find his comments offensive.
>
> Mr. Coleman has worn pants with a hole in the crotch area on multiple occasions. I have told him, "You need to get your pants mended." In response, he casually sits so that the hole is visible. When told about the hole in his pants, he has seemed amused, and he would not do anything about it.
> * * *
> In March 2017, I noticed Mr. Coleman silently standing behind me in the lobby about ten feet away watching me as I was bent over with my backside towards him. I felt Mr. Coleman was leering at me, which made me feel uncomfortable. He only made his presence known once I noticed he was there. I later told another female employee ... about the incident. This employee told me she had a similar experience with Mr. Coleman.

15. Plaintiff's declaration was protected activity. Plaintiff's discussion with Ms. Jones' attorneys related to the declaration was protected activity. Plaintiff's assistance and cooperation in Ms. Jones' EEO case was protected participation activity. Plaintiff's assistance and cooperation in Ms. Jones' EEO case was protected opposition activity.

16. Shortly after MPAA learned of Long's declaration, Plaintiff was interviewed twice about it. Initially, MPAA's outside counsel handling the Jones case conducted an interview of plaintiff. This was the same lawyer, Karin Johnson, who Plaintiff had spoken with earlier about Ms. Smith's firing. Although this interview appears to have been set up in advance, Plaintiff was not given prior notice of the interview.

17. The second interview of plaintiff regarding her declaration was conducted by MPAA's director of Human Resources, Jason Monagas. Mr. Monagas interviewed plaintiff while one of his employees, Dionne Brooks, took notes. This interview was, at times, aggressive, making Plaintiff feel as if she were on trial or being accused of doing something improper.

18. On June 21, 2017, Jason Monagas emailed plaintiff requesting a follow-up call about her declaration in the Jones case. Having gone through two lengthy and uncomfortable interviews, Plaintiff was not eager for a third interview. Accordingly, Plaintiff replied to Mr. Monagas' email stating, "I hope you are well. I've said all that I wish to say concerning this case both to you and to MPAA's legal counsel and I'm beginning to feel that this is bordering on harassment."

19. A short while after Monagas received Plaintiff's June 21, 2017, email, MPAA decided to fire her.

20. Plaintiff was fired effective July 28, 2017. She was later replaced by Sean Saleem, a male employee who did not engage in protected activity.

21. MPAA's excuse for firing the plaintiff was that she was laid off for lack of work. This does not make sense as she was replaced by Sean Saleem. MPAA was aware of plaintiff's desire to work for MPAA when it chose to hire Sean Saleem to support Kathy Grant. In addition, the majority of plaintiff's work did not disappear when MPAA moved offices. Plaintiff was ready, willing and able to perform all services for MPAA and Ms. Grant that were provided by Sean Saleem.

22. In addition, Kathy Grant would have been the only person in the D.C. office at the VP/SVP level without administrative support when MPAA fired plaintiff. This was corrected when MPAA hired Mr. Saleem to support Ms. Grant.

23. MPAA's decision to fire plaintiff in 2017 was discriminatory, retaliatory, or some combination of both.

24. The actions of defendant MPAA were intentional, malicious, willful, wanton and in reckless disregard of the rights of plaintiff Long.

## COUNT I
## DISCRIMINATION

25. The actions of defendant MPAA described herein, including but not limited to firing plaintiff Long, were taken wholly or partially because of Long's sex.

## COUNT II
## RETALIATION

26. The actions of defendant MPAA described herein, including but not limited to firing plaintiff Long, were taken wholly or partially because she opposed discrimination and/or participated in a co-worker's EEO complaint. Plaintiff's actions in complaining about discrimination and supporting Dolores Jones' EEO complaint were protected by law from retaliation.

## RELIEF

Plaintiff asks the Court to grant the following relief:

1. Declare that defendant's action in firing plaintiff violated plaintiff's rights under Title VII and/or the DCHRA;

2. Award plaintiff compensatory damages for the monetary loss she suffered as a result of defendant's firing, including loss of pay and benefits, and for the non-monetary loss, including pain and suffering, emotional distress, anxiety, humiliation, loss of enjoyment of life, and other injuries defendant's actions have caused, in an amount to be proven at trial;

3. Award plaintiff punitive damages, in an amount to be proven at trial;

4. Order defendant to pay plaintiff's costs, including reasonable attorneys' fees and any other costs allowed by law;

5. Award prejudgment interest as allowed by law;

6. Order such other and additional relief as the Court deems just and equitable.

## Jury Demand

Plaintiff requests trial by jury.

_____
Stephen Z. Chertkof (DC 451713)
HELLER, HURON CHERTKOF & SALZMAN
1730 M Street, NW, Suite 412
Washington, DC 20036
(202) 293-8090
Fax: (202) 293-7110
szc@hellerhuron.com

Counsel for plaintiff

**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Chonte Long
_____
Plaintiff
vs.

Motion Picture Association of America
_____
Defendant

Case Number 2019 CA 003875 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stephen Z. Chertkof
Name of Plaintiff's Attorney

Heller, Huron, Chertkof & Salzman, PLLC
Address
1730 M St. NW, Ste 412, Washington, DC 20036

202-293-8090
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 06/12/2019

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면,(202)879-4828로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Chonte Long        Case Number: 2019 CA 003875 B

vs        Date: June 11, 2019

Motion Picture Association of America      ☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Stephen Z. Chertkof | Relationship to Lawsuit |
|---|---|
| Firm Name: Heller, Huron, Chertkof & Salzman, PLLC | [X] Attorney for Plaintiff |
| Telephone No.: 202-293-8090    Six digit Unified Bar No.: 451713 | ☐ Self (Pro Se) <br> ☐ Other: |

TYPE OF CASE: ☐ Non-Jury     [X] 6 Person Jury     ☐ 12 Person Jury

Demand: $_____     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge:_____   Calendar #:_____

Case No.:_____   Judge:_____   Calendar#:_____

---

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**          **COLLECTION CASES**

☐ 01 Breach of Contract     ☐ 14 Under $25,000 Pltf. Grants Consent     ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty     ☐ 17 OVER $25,000 Pltf. Grants Consent     ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 27 Insurance/Subrogation     ☐ 26 Insurance/Subrogation
☐ 07 Personal Property         Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
[X] 13 Employment Discrimination     ☐ 07 Insurance/Subrogation     ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees         Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
        ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile     ☐ 03 Destruction of Private Property     ☐ 05 Trespass
☐ 02 Conversion     ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process     ☐ 10 Invasion of Privacy     ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander     ☐ 18 Wrongful Death (Not Malpractice)
☐ 03 Assault and Battery     ☐ 12 Malicious Interference
☐ 04 Automobile- Personal Injury     ☐ 13 Malicious Prosecution     ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)     ☐ 14 Malpractice Legal     ☐ 20 Friendly Suit
☐ 06 False Accusation     ☐ 15 Malpractice Medical (Including Wrongful Death)     ☐ 21 Asbestos
☐ 07 False Arrest     ☐ 16 Negligence- (Not Automobile, Not Malpractice)     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud         ☐ 23 Tobacco
        ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE     ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____     June 11, 2019
Attorney's Signature                                     Date



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

CHONTE LONG
    Vs.                                          C.A. No.     2019 CA 003875 B
MOTION PICTURE ASSOCIATION OF AMERICA

# **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                             Chief Judge Robert E. Morin

Case Assigned to: Judge HEIDI M PASICHOW
Date: June 12, 2019
Initial Conference: 9:30 am, Friday, September 13, 2019
Location: Courtroom 516
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60